HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. NATIONAL SAVINGS BANK OF THE CITY OF ALBANY, Defendant; STANLEY VAN ALLEN, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. ALBANY SAVINGS BANK, Defendant; WILLIS VAN ALLEN, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. ALBANY SAVINGS BANK, Defendant; JOHN MALARY, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. ALBANY COUNTY SAVINGS BANK, Defendant; JOHN MALARY, Respondent. HARRISON MALARY and Another, as Administrators, etc., of EDWARD MALARY, Deceased, Appellants, v. CITY SAVINGS BANK OF ALBANY, Defendant; SUSAN KEENHOLTS, Respondent.—Appeals from judgments dismissing the complaints upon the merits, with costs, rendered after a trial by the court without a jury. Two days before his death by suicide plaintiff's intestate changed bank accounts standing in his own name in the defendant banks to accounts in his own name in trust for the respective individual defendants. For example, the account in the Albany Savings Bank was transferred by decedent to an account in the name of " Edward Malary, in trust for John Malary." The court below found and the parties stipulated that decedent was of sound mind at the time of transfer although he had at that time resolved to take his own life. The plaintiffs sought by these actions to recover these accounts for the estate of decedent. Judgments unanimously affirmed, with one bill of costs to the respondents payable out of the estate. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

SAMUEL MILLER and Others, Copartners, Doing Business under the Firm Name of MILLER & GAYNOR COMPANY, Appellants, v. THE STATE OF NEW YORK, Respondent. (Claim No. 22098.) —Appeal from judgment of Court of Claims dismissing claim upon the merits. Appellants entered into a contract with the State for the construction of a shoe shop at Sing Sing Prison. They were required to place vertical rod reinforcing steel throughout the length of sixty interior round concrete columns. They claimed that the plans and specifications did not call for this reinforcement and that they did not know of such requirement until after the work had been in progress for some time. They had, however, within a few days after signing the contract and before entering upon the work, called the attention of the State to the fact that the plans did not indicate the size and amount of reinforcing to be used in these columns and that the company from which they were purchasing this reinforcement could not make up the same without further information and they asked the State for such information. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.